UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA L. KILLEBREW, o/b/o
M. B., a minor,

   Plaintiff,

              Case No.: 05-CV-40209-DT

vs.

              HON. PAUL V. GADOLA
              MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

   Defendant,
_____/

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Court deny Plaintiff's Motion to Dismiss Summary Judgment, grant Defendant's Motion for Summary Judgment, and enter judgment for Defendant.

**II. REPORT**

This is an action for judicial review of the Defendant Commissioner's final decision denying Marcia Killebrew's application for supplemental security income [SSI] on behalf of her son, Marco Q. Bell. Plaintiff's mother filed the application for SSI benefits on December 19, 2001, alleging that he has been disabled since September 1, 1999, due to his learning disabilities. (TR 21, 29-33, 50). The Social Security Administration [SSA] denied benefits initially on April 1, 2002. (TR 22-25). A de novo hearing was held on March 18, 2004, before Administrative Law Judge [ALJ] Ethel Revels; however, neither Plaintiff, nor his mother appeared. (TR 117-121). In a decision dated

1

December 28, 2004, the ALJ found that Plaintiff was not disabled. (TR 13-20). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on April 30, 2005. (TR 5-7). The Plaintiff has commenced this action for judicial review.

### A.     HEARING TESTIMONY

Gary Lane, a representative for Plaintiff appeared and testified at the hearing. (TR 119-21). He stated that he last spoke with his client on March 11 and she was aware of the hearing, but she gave no indication that she would be unable to attend. (TR 120).

### B.     MEDICAL EVIDENCE & SCHOOL RECORDS

Examinations of the Defendant's Motion for Summary Judgment and the ALJ's decision reveal that an additional recitation of the Plaintiff's medical evidence and school records would be repetitive. The pertinent record medical evidence relied upon by this Court is fully articulated in the Analysis.[1]

### C.     ALJ'S CONCLUSIONS

The ALJ found that Plaintiff had never engaged in substantial gainful activity. (TR 19). After reviewing the medical evidence in the record, the ALJ found that Plaintiff suffered from "a learning disability and a sleep disorder, impairments that are 'severe,'" but that he does not meet the criteria of any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (TR 15, 19). Further, she found that Plaintiff did not have an "extreme" limitation in any one of the six domains under 20 CFR § 416.926a, nor "marked" limitations in any two domains. (TR 17-19). Thus, the ALJ concluded that Plaintiff is not entitled to childhood SSI disability benefits. (TR 20).

---

[1] See Subpart D, infra, at page 3.

**D.     ANALYSIS**

Plaintiff's mother contends that the Commissioner erred in denying her son's claim.[2]  In response, Defendant's Motion for Summary Judgment contends that these aspects of the ALJ's decision are supported by substantial evidence.[3]  The matter is now ready for decision.

**1.     Standard of Review**

The standard for granting childhood disability is more stringent subsequent to the passage of the Personal Responsibility and Work Opportunity Reconciliation Act in 1996.

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

In order to determine whether a claimant is disabled under this most recent legislation, the ALJ is now required to follow a three-step process outlined in the regulations promulgated under the Social Security Act.  See 20 C.F.R. § 416.924.  Specifically, to grant disability benefits, the ALJ must affirmatively determine the following:  (1) that the child has not engaged in substantial gainful activity over the last twelve months; (2) that the child suffers from one or more severe impairments; and, lastly (3) that the child's impairment meets, medically equals, or functionally equals the severity of a listed impairment.  See 20 C.F.R. §§ 416.924(a)-(d).  At the third step, if the child does not have an impairment which medically meets or equals a listed impairment, or is functionally

---

[2] Plaintiff's Motion for Summary Judgment filed October 18, 2005 (hereinafter "Plaintiff's Brief").

[3] Defendant's Motion for Summary Judgment and Brief filed November 8, 2005 (hereinafter "Defendant's Brief"), at pages 7-16.

equal in severity to a listed impairment, the child will be found not disabled. 20 C.F.R. § 416.924(d).

Plaintiff's disability "must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 CFR § 416.926a. "The domains we use are: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 CFR § 416.926a(b)(1). 20 CFR § 416.926a provides, in pertinent part:

> (2) Marked limitation.
> (i) We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme."
> It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.
> (ii) If you have not attained age 3, we will generally find that you have a "marked" limitation if you are functioning at a level that is more than one-half but not more than two-thirds of your chronological age when there are no standard scores from standardized tests in your case record.
> (iii) If you are a child of any age (birth to the attainment of age 18), we will find that you have a "marked" limitation when you have a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score. (See paragraph (e)(4) of this section.)
> (iv) For the sixth domain of functioning, "Health and physical well-being," we may also consider you to have a "marked" limitation if you are frequently ill because of your impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs. For purposes of this domain, "frequent" means that you have episodes of illness or exacerbations that occur on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more. We may also find that you have a "marked" limitation if you have episodes that occur more often than 3 times in a year or once every 4 months but do not last for 2 weeks, or occur less often than an average of 3 times a year or once every 4 months but last

longer than 2 weeks, if the overall effect (based on the length of the episode(s) or its frequency) is equivalent in severity.

20 CFR § 416.926a.

This Court's review of the ALJ's conclusions is limited. The findings of the ALJ regarding Plaintiff's disabled status are conclusive if supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g) (1997). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla of evidence, but less than a preponderance of evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Even if the court might arrive at a different conclusion, an administrative decision must be affirmed if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). Finally, consideration of the whole record does not mean that the ALJ must mention or comment on each piece of evidence submitted. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). "Thus, the Court 'may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility.'" Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Trudell ex rel. Bushong v. Apfel, 130 F.Supp.2d 891, 895 (E.D.Mich. 2001).

        **a.**        **Additional Evidence**

Plaintiff's mother presents evidence from her son's teacher, Rosemary Keller, dated August 11, 2005.[4] She also reports that his behavior has worsened and he has had over twenty-five to thirty

---

[4]Plaintiff's Brief. Further, Plaintiff's mother argues that she "never received notification of an [sic] court date." Plaintiff's Motion for Summary Judgment. However, her representative appeared at the scheduled hearing and told the ALJ that she was aware of the court date when he spoke to her seven days prior to the hearing. (TR 120).

detentions and suspensions as well as an increase in medication.[5] This constitutes new evidence that was not before the ALJ at the time of her December 28, 2004 decision.

This Court recognizes the rule in this circuit regarding such additional evidence. The Sixth Circuit has held that the Court does not have to review new evidence unless good cause has been shown and the new evidence is material. Cline v. Commissioner of Social Sec., 96 F.3d 146, 148 (6th Cir. 1996). In Cline, it was the claimant's

> primary argument [] that because the Appeals Council considered his new psychiatric evidence, the district court was required to do so as well. He is mistaken. In Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir.1993), this court decided a case very much like Cline's, holding that where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding. Id. at 696.

Id. Plaintiff has failed to argue any good cause or materiality regarding any additional evidence not before the ALJ. Further, she has not provided any proof of the alleged additional evidence. "[T]he appropriate remedy in such a case is to initiate a new claim for benefits alleging an onset date consistent with the aggravation of the condition." Sizemore v. Sec'y of Health and Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (citations omitted).

### b.   ADHD and Dyslexia

Plaintiff's mother argues that her son has been diagnosed with ADHD and Dyslexia.[6] She states that he was born premature, was hospitalized for bronchitis at two months of age, and reads

---

[5]Plaintiff's Brief.

[6]Plaintiff's Brief.

at a second grade level, even though he is in seventh grade.[7] However, she does not pose any argument. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . . .put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted). Nonetheless, the undersigned will review Plaintiff's superficial arguments.

Plaintiff's mother alleges that Plaintiff's diagnoses of ADHD and Dyslexia are evidence of his disability.[8] However, a diagnosis says nothing about the severity of an impairment, as in Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988), the Court stated, "[t]he mere diagnosis of arthritis, of course, says nothing about the severity of the condition. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) (diagnosable impairment not necessarily disabling)." Further, as Defendant points out, the ALJ found that Plaintiff had a learning disability and sleep disorder, which were severe, but that these impairments would not be disabling under the SSA.[9] (TR 15, 19).

Plaintiff's mother's allegations that her son was born premature and that he had bronchitis do not establish disability. In addition, the ALJ was aware that he read below his grade level. (TR 16, 17-18). She found that he had "marked" limitations in attending and completing tasks in part, due to same. (TR 17). The ALJ stated that "[h]e is frequently reminded to stay on task and needs slow and extensive directions to perform tasks due to his inability to read at grade level and inability

---

[7]Plaintiff's Brief.

[8]Plaintiff's Brief.

[9]Defendant's Brief at page 8. In addition, during his general child check-up on July 8, 2002, the diagnosis of Dyslexia and "ADD" were preceded by question marks and he was considered a "well child." (TR 105).

to focus (Exhibit 2F, page 2). Id. This was the only domain of the six that the ALJ found marked limitations within; thus, she determined that Plaintiff was not disabled.[10]

### III. CONCLUSION

For the reasons stated, I find that the ALJ's decision denying Plaintiff benefits is substantially supported in the record. Accordingly, I respectfully recommend that the Court **DENY** Plaintiff's Motion to Dismiss Summary Judgment, **GRANT** Defendant's Motion for Summary Judgment, and enter judgment for Defendant.

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and file specific, written objection within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed.R.Civ.P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

> s/Wallace Capel, Jr.
> **WALLACE CAPEL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

**Dated:**   June 2, 2006

---

[10]Plaintiff does not specifically challenge any of the findings in any of the domains.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Janet Parker,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Marcia Killebrew, and the Social Security Administration.

        s/James P. Peltier
        United States District Court
        Flint, Michigan 48502
        810-341-7850
        E-mail:  pete_peltier@mied.uscourts.gov